JS 44C
(Rev. 12/84)

# CIVIL COVER SHEET

B-01-021

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Fortino Garcia Leon and Margarita Marquez Lozada as Surviving Parents and as Representatives of the estate of Ricardo Garcia Marquez, Deceased

## DEFENDANTS
Union Pacific Railroad Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Mexico

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

United States District Court
Southern District of Texas
FILED
FEB 0 2 2001
Michael N. Milby
Clerk of Court

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ray R. Marchan
Harris & Watts, P.C.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 546-0333

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title 18, USCA, Section 1332(c, Section 1331
Plaintiff Ricardo Garcia Marquez, deceased, was struck by a southbound locomotive owned by defendant Union Pacific Railroad Company.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) ☐ 863 DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence 28 USC 2255 | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Accommodations | ☐ 540 Mandamus & Other | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 875 Customer Challenge 12 USC 3410 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** 1/29/01

**SIGNATURE OF ATTORNEY OF RECORD** Ray R. Marchan

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FORTINO GARCIA LEON AND MARGARITA MARQUEZ LOZADA AS SURVIVING PARENTS AND AS REPRESENTATIVES OF THE ESTATE OF RICARDO GARCIA MARQUEZ, DECEASED <br><br> VS. <br><br> UNION PACIFIC RAILROAD COMPANY | § § § § § § § § § § § CIVIL ACTION <br> NO. B-01-021 <br><br> DEMAND FOR JURY TRIAL |

United States District Court
Southern District of Texas
FILED

FEB 02 2001

Michael N. Milby
Clerk of Court

## PLAINTIFFS' FIRST ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, FORTINO GARCIA LEON AND MARGARITA MARQUE LOZADA AS SURVIVING PARENTS AND AS REPRESENTATIVES OF THE ESTATE OF RICARDO GARCIA MARQUEZ, DECEASED, hereinafter called "Plaintiffs", complaining of UNION PACIFIC RAILROAD COMPANY, hereinafter called "Defendant" and for cause of action herein would respectfully show this Honorable Court the following:

**I.**

Jurisdiction of this cause of action is brought pursuant to Rule 8 (a), Federal Rules of Civil Procedure, and Federal jurisdiction is predicated by the Plaintiffs on the following statutes or jurisdictional grounds:

    a. "Diversity" under Title 18, United States Code Ann., Section 1332 (c), Section 1331;

    b. Pendent jurisdiction for state law claims.

**II.**

Plaintiffs, FORTINO GARCIA LEON AND MARGARITA MARQUE LOZADA AS SURVIVING PARENTS AND AS REPRESENTATIVES OF THE ESTATE OF RICARDO

GARCIA MARQUEZ, DECEASED are citizens of the Country of Mexico.

Defendant, UNION PACIFIC RAILROAD COMPANY, is a corporation, association, joint stock company, partnership, or other form of business organization organized and existing by virtue of law. The Defendant, UNION PACIFIC RAILROAD COMPANY, may be served by serving its agent for service, Ms. Norma G. Davenport, General Solicitor, 808 Travis Street, Suite 620, Houston, Texas 77002.

### III.

On or about June 7, 2000, Ricardo Garcia Marquez was a foreseeable user of the railroad tracks of Union Pacific. Ricardo Garcia Marquez was upon the railroad crossing and right of way owned and/or controlled by the Defendant, UNION PACIFIC RAILROAD COMPANY, when suddenly and without adequate warning Ricardo Garcia Marquez was struck by a south bound railroad engine and train, owned and operated by Defendant, UNION PACIFIC RAILROAD COMPANY, causing Ricardo Garcia Marquez injuries and death and resultant damages hereinafter set out with particularity.

Additionally, the Defendant owned, controlled and/or operated upon the railroad tracks to the north and south of the accident site in the South Texas area which roads were quite similar in configuration and close in proximity.

Defendant, UNION PACIFIC RAILROAD COMPANY, knew or should have known that the above described railroad tracks were operated upon in such a manner as to require reasonable and adequate warnings to travelers using the railroad tracks of the overwhelming dangerous mass of the train.

However, the Defendant, UNION PACIFIC RAILROAD COMPANY, did not take measures to correct the aforementioned dangerous condition of the railroad tracks in question prior to the accident made the basis of this lawsuit, even though they knew or should have known that persons foreseeably could be violently struck thereby resulting in accidents, as well as, personal injuries and deaths including Ricardo Garcia Marquez and the resulting damages to Plaintiffs.

## IV.

Due to a prior history of similar deaths, the foliage, trees, lack of sufficient audible devices in use, and lack of adequate warnings, such railroad tracks were extra-hazardous. As such, Defendant, UNION PACIFIC RAILROAD COMPANY, owed a high duty of care to warn and protect travelers along the railroad by the use of extraordinary means.

## V.

The collision of June 6, 2000, out of which this suit arises, resulted from the negligence of the Defendant, UNION PACIFIC RAILROAD COMPANY, including but not limited to, some one or more of the following particulars:

1. In failing to maintain an assured clear distance between the bodies of Ricardo Garcia Marquez and the Defendant's locomotive and train;

2. In approaching the tracks upon which Ricardo Garcia Marquez was traveling more closely than a person using ordinary care would have allowed under the same or similar circumstances;

3. In failing to keep a proper lookout;

4. In UNION PACIFIC RAILROAD COMPANY'S failure to make timely application of the brakes on the locomotive and train Defendant was operating;

5. In UNION PACIFIC RAILROAD COMPANY'S failure to make a proper application of the brakes on the locomotive Defendant was operating;

6. In failing to bring the locomotive of Defendant, UNION PACIFIC RAILROAD COMPANY, to a stop before it collided with Ricardo Garcia Marquez;

7. In UNION PACIFIC RAILROAD COMPANY'S failure to maintain appropriate warning signs, as well as, visual and audible signals;

8. In UNION PACIFIC RAILROAD COMPANY'S failure to warn of the absence, condition or malfunction of the traffic signs, signals, or warning devices necessarily required;

9. In UNION PACIFIC RAILROAD COMPANY'S failure to obey, properly maintain and/or be informed about the railroad tracks in question as mandated by Article 6370, and Article 6371 of the State of Texas Statutes;

10. UNION PACIFIC RAILROAD COMPANY knew or should have known at all times material hereto that the railroad tracks in question were extra hazardous and/or dangerous and yet UNION PACIFIC RAILROAD COMPANY failed to adequately correct same;

11. In UNION PACIFIC RAILROAD COMPANY allowing to exist extra hazardous railroad conditions;

12. UNION PACIFIC RAILROAD COMPANY knew or should have known at all times material hereto that the railroad tracks in question were extra hazardous and/or dangerous and yet, UNION PACIFIC RAILROAD COMPANY failed to adequately warn travelers of dangers inherent on such railroad tracks, including but not limited to maintaining lights and/or signs or warnings of the approach of the train;

13. In UNION PACIFIC RAILROAD COMPANY'S operation of the locomotive train at speeds higher than an ordinary prudent entity would for the set of circumstances involved herein;

14. In UNION PACIFIC RAILROAD COMPANY'S failure to reduce the speed of the locomotive train as would have an ordinarily prudent entity would for the set of circumstances involved herein;

15. In UNION PACIFIC RAILROAD COMPANY'S failure to have and seek adequate warning devices and procedures along the railroad tracks;

16. In UNION PACIFIC RAILROAD COMPANY'S failure to have adequate warnings along the tracks;

17. In UNION PACIFIC RAILROAD COMPANY'S failure to blow the train whistle in time and in a reasonably audible manner to warn the railway travelers;

18. In failing to approach the railroad tracks accident site in a defensive posture, in spite of the area's accident history and the site difficulties for trains as well as travelers;

19. In failing to communicate the site obstructions upon the railroad tracks including through the chain of command from the track inspectors to the dispatchers to the train crew;

20. In failing to notify or even educate their train and engine crew members of the additional actions necessary while operating a train on a site known to be used by travelers such as the area in question;

21. In failing to have the lead locomotive equipped with ditch lights on the night of the incident in question; and,

22. Defendant, UNION PACIFIC RAILROAD COMPANY, should have planned for operating locomotives in the lead of its trains to be equipped with the ditch lights as ordered by INCREASED RAILROAD LOCOMOTIVE VISIBILITY ACT.

Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence, and were each and all a proximate cause of the collision made the basis of this suit, of the injuries suffered by Fortina GArcia Leon and Margarita Marque Lozada

as Surviving Parents and As Representatives of the Estate of Ricardo Garcia Marquez and of the damages sustained by them as a result thereof.

Each of these acts and omission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries.

## VI.

Plaintiffs would further show that at the time of his injuries, Ricardo Garcia Marquez was a vibrant young man of 26 years of age within an expected life expectancy in excess of 46.3 years according to the United States Life Tables of 1995.

## VII.

In the collision of June 6, 2000, out of which this suit arises, decedent Ricardo Garcia Marquez suffered severe injuries to his entire body and died as a result thereof. Besides the pre-impact terror of the collision, the injuries suffered by Ricardo Garcia Marquez caused him to endure great and excruciating physical pain and mental anguish prior to their death.

## VIII.

If it be found that Decedent was suffering from a bodily infirmity prior to the date of this collision, Plaintiffs would show unto the Court that the same were neither disabling nor painful, but as a result of the injuries suffered by them on such occasion and the effects thereof, the same were aggravated and made worse and caused to become disabling, painful and deadly.

## IX.

Plaintiffs, Fortino Garcia Leon and Margarita Marquez Lozada as Surviving Parents and as Representatives of the Estate of Ricardo GArcia Marquez have as a result of the Defendant's negligence and resulting injuries therefrom been damaged in that they have lost the care, maintenance, support, services, advice, counsel and contributions of pecuniary value of their son had he lived.

Plaintiffs, Fortino Garcia Leon and Margarita Marquez Lozada as Surviving Parents and As

Representatives of the Estate of Ricardo Garcia Marquez, Deceased, as a result of Defendant's negligence and resulting injuries therefrom have been damaged in that they have lost their son's consortium, including: affection, solace, comfort, assistance, emotional support, love, and felicity.

Plaintiffs, FORTINO GARCIA LEON AND MARGARITA MARQUE LOZADA AS SURVIVING PARENTS AND AS REPRESENTATIVES OF THE ESTATE OF RICARDO GARCIA MARQUEZ, DECEASED, seek to recover damages for their mental anguish, emotional pain, suffering and bereavement, as well as, for the loss of companionship, love support and society that they have experienced in the past and will, in all reasonable probability, experience in the future.

## X.

On account of the nature, seriousness, and severity of their injuries, Plaintiffs, FORTINO GARCIA LEON AND MARGARITA MARQUE LOZADA AS SURVIVING PARENTS AND AS REPRESENTATIVES OF THE ESTATE OF RICARDO GARCIA MARQUEZ, DECEASED have required medical care and emergency services. They and/or their estate have been required to pay and/or incur liability to pay the charges which have been and will be made for such services.

The charges which have been made for services rendered to Decedent has represented the usual, reasonable, and customary charges for like to similar services in the vicinity where they have been rendered. All of these services, have been necessary in connection with the proper treatment of the injuries sustained and suffered by Decedent as a result of this particular collision. The Estate also seek reasonable costs of burial and funeral expenses for Ricardo Garcia Marquez.

## XI.

Plaintiffs would show that prior to the accident in question, Defendant, UNION PACIFIC RAILROAD COMPANY, knew or should have known of the extra hazardous and/or dangerous condition of the railroad tracks in question. Despite such knowledge, actual or imputed, UNION PACIFIC RAILROAD COMPANY failed to correct same and/or failed to conduct any testing with regard to the area of obscured vision of locomotive engineers and public travelers to control the

speed at which the railroad tracks in question could be safely traveled upon and its warning devices heard. Furthermore, despite such knowledge, actual or implied, on the part of UNION PACIFIC RAILROAD COMPANY, it failed to eliminate the dangerous aspects of the railroad tracks in question and/or adequately warn the public of the extra hazardous condition of the railroad tracks in question. Plaintiffs would further show that the aforementioned knowledge, actual or imputed, acts and/or omissions constituted a heedless and reckless disregard of the rights and welfare of others affected by it and was malicious, and as such, was a proximate cause of the Plaintiffs' damages. Therefore Plaintiffs seek punitive damages.

## XII.

The conduct of Defendant and its agents, set out above, was carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of these Plaintiffs. Plaintiffs are hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the Defendant and Defendant's agents in the future. In this connection, Plaintiffs will show that their treatment by the Defendant caused their suffering of immeasurable dimensions. Accordingly, Plaintiffs request that exemplary damages be awarded against the Defendant in amounts which exceed the minimum jurisdictional requirements of this Court, and asks the jury to consider the following facts in awarding exemplary damages: awarding damages for punishment of the Defendant, to compensate for inconvenience, to compensate for attorney's fees, for expenses of litigation, and to serve as an example to others.

## XIII.

The Plaintiffs would show that the domestic railroad industry has a history of resisting proposed safety standards and effectively utilizing the political process and their economic power to minimize the resulting economic cost that adoption of realistic minimum safety standards would naturally entail.

Profit has had priority over safety during its years of operation. The priority has been reflected by the deliberate pattern of conduct by the Defendant for many years.

## XIV.

The Defendant's lack of safety is the direct result of a conspiracy by said railroad companies to control the adoption of the Federal or State minimum regulatory standards and to act in concert to restrict, delay, or defeat proposals for stronger standards that provide the public safe operation of railroads to enhance survivability and insure reduction of catastrophic injuries and death to the public.

Said covert and overt conspiracy is and has been manifested by, but is not limited to, some of the following particulars:

A. Organizing and actively joint venturing in seizing and maintaining control over the industry trade organizations by various methods including control of grants and other influencing acts.

B. Actively influencing the Federal and State Regulatory Agencies by asserting political pressure on Federal and State elected, appointed or employed officials to achieve the conspiratorial goals.

C. By acting in concert with other railroad companies to ensure appointment of sympathetic political appointees to the regulatory agencies charged with adopting minimum safety standards related to railroad operation.

D. In recruiting and employing members of the Federal and State Regulatory Agencies to assist in the goal of obstruction and opposing adoption of new and more stringent standards, or to delay the adoption of such standards, and/or minimize any meaningful changes to existing standards.

E. By having trade organizations they control act in concert with said railroad companies whether covertly or overtly, in recommending and submitting to the regulatory agencies reasons for delay for adopting new standards, for changes,

modifications or adoptions of existing minimum standards.

F. By actively delaying, obstructing, and opposing litigation discovery efforts by victims who have been injured as a result of the dangerous conditions who seek redress in the courts. This has been virtually universal to all railroad cases in litigation cases for a number of years. These tactics frustrate the process of discovery, make the cost of litigation prohibitive, and furthers the aims and economic objectives of the conspirators.

G. Concealing from their own employees, the public, from injured persons, and from governmental entities information regarding accidents all in violation of their common law duty to act with reasonable care.

H. Concealment of several thousand pages of evaluation and statistics.

I. Engaging in advertising, informational and propaganda programs which expressly and by implication misrepresent that only the public can prevent railroad collisions.

Such conspiracy was a proximate cause of the injuries to FORTINO GARCIA LEON AND MARGARITA MARQUE LOZADA AS SURVIVING PARENTS AND AS REPRESENTATIVES OF THE ESTATE OF RICARDO GARCIA MARQUEZ, DECEASED and of the damages suffered by Plaintiffs.

## XV.

Defendant, with other major railroad companies have for many years, combined and conspired, and agreed to:

A. resist the adoption of adequate safety standards;

B. delay the effective date for new standards to become mandatory; and,

C. seek minimal standards as opposed to realistic standards which address concerns for the safety of the highway public over the increased costs involved.

The conspiracy (among otherwise vigorous competitors) was predicated solely on economic self-interest whereon profit was a priority over safety to the public. The actions of the conspirators,

including the Defendant herein, has been successful in influencing the standards adopted, as well as delaying adoption of standards addressing Defendant own knowledge of long standing known deficiencies and dangerous conditions constituting unnecessary hazardous risks to the public.

## XVI.

The standards adopted by the Federal and State Regulatory Agencies are in part the product of the conspiracy by the railroad companies including the Defendant herein acting in concert to restrict, delay and/or defeat proposals or standards designed to protect the public.

The conspiracy was convert in nature, and primarily focused at the executive and legal branch of government which was susceptible to the type of political influences such economic power can muster.

## XVII.

Union Pacific Railroad Company maintains its own police force and additionally is self insured and handles its own claims through its claims department.

## XVIII.

Union Pacific Railroad Company even in its own claims department had no procedure in which its claims department members would be informed as to the number and severity of injuries and deaths occurring along the area of tracks.

Union Pacific Railroad Company's police and claims departments have systematically in the past, and also in response to this accident, manipulated the information provided to them by witnesses. More specifically, it has been and has continued to be the practice of the Union Pacific Railroad Company, through its police and claims departments, to ignore and not document those witnesses who would verify that this railroad company operating upon these tracks would keep a proper lookout and warn foreseeable travelers as to the approach of the train.

## XX.

By reason of all the above and foregoing, Plaintiffs are entitled to recover punitive damages from the Defendant in an amount in excess of the minimum jurisdictional limits of this Court.

## XXI.

Plaintiffs seek pre-judgment interest from June 7, 2000, until the date any judgment rendered in this cause has been satisfied in full.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendant, and each of them, be duly cited in terms of law to appear and answer herein and that upon trial hereof Plaintiffs have judgment against said Defendant in an amount in excess of the minimum jurisdictional limits of this court with pre-judgment interest and interest thereof at the legal rate in addition thereto, Plaintiffs seek exemplary and/or punitive damages against the Defendant together with post judgment interest on said judgment at the highest legal rate until paid, for costs of court in their behalf expended, and for such other and further relief, special and general, at law and/or in equity, to which they may show themselves justly entitled.

Respectfully submitted this the __29__ day of January, 2001.

HARRIS & WATTS, P.C.
1926 East Elizabeth Street
Brownsville, Texas 78520
Telephone:   (956) 546-0333
Facsimile:  (956) 541-0255


_____
RAY R. MARCHAN
State Bar No. 12969050
Federal I.D. No. 9522

PLAINTIFFS' FIRST ORIGINAL COMPLAINT                                                                 Page 11

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

FOR THE SOUTHERN ─────── DISTRICT OF ─── TEXAS ───

FORTINA GARCIA LEON, ET AL

V.

UNION PACIFIC RAILROAD COMPANY

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-01-021

TO: (Name and address of defendant)
Norma G. Davenport
General Solicitor
808 Travis Street, Ste 620
Houston, Texas  7002

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ray R. Marchan, 1926 E. Elizabeth, Brownsville, Texas  78520

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk                          2-2-01
─────────────────────────────              ─────────────────────────────
CLERK                                        DATE

_(signature)_
─────────────────────────────
(BY) DEPUTY CLERK