IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 29 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| FORTINO GARCIA LEON and | * |
| MARGARITA MARQUEZ LOZADA As | * |
| Surviving Parents and As Representatives of | * |
| the Estate of RICARDO GARCIA MARQUEZ, | * |
| Deceased, | * |
|     Plaintiffs | * |
| | * |
| VS. | *    CIVIL ACTION NO. ~~B-99-055~~ B-01-21 |
| | * |
| UNION PACIFIC RAILROAD COMPANY | * |
|     Defendant | * |

### DEFENDANT UNION PACIFIC RAILROAD COMPANY'S ORIGINAL ANSWER AND JURY DEMAND IN RESPONSE TO PLAINTIFFS' FIRST ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW UNION PACIFIC RAILROAD COMPANY, Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiffs' First Original Complaint, would show the Court as follows:

### PLAINTIFFS' FAILURE TO STATE A CLAIM

1. Defendant states that Plaintiffs' First Original Complaint fails to state a claim upon which relief can be granted against Defendant.

### ANSWER

2. Defendant admits that this Court has jurisdiction of this cause of action as alleged in Paragraph I of Plaintiffs' First Original Complaint. All allegations not specifically admitted in Paragraph I of Plaintiffs' First Original Complaint are denied.

3. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1 of Paragraph II of Plaintiffs' First Original Complaint, and therefore, denies same.

4. Defendant admits that Union Pacific Railroad Company is a Delaware corporation and may be served by serving Norma G. Davenport in Houston, Texas. All

allegations not specifically admitted in sub-paragraph 2 of Paragraph II of Plaintiffs' First Original Complaint are denied.

5. Defendant admits that on or about June 7, 2000, Ricardo Garcia Marquez was lying on railroad tracks and struck by a train when he failed to get off the tracks. All remaining allegations contained in Paragraph III of Plaintiffs' First Original Complaint are denied.

6. Defendant denies the allegations contained in Paragraph IV of Plaintiffs' First Original Complaint.

7. Defendant denies the allegations contained in Paragraph V of Plaintiffs' First Original Complaint. Defendant specifically denies that the incident or any injuries allegedly sustained by the Plaintiffs were proximately caused by the negligence of Defendant, but rather asserts that such collision and any injuries were proximately caused by the negligence of Plaintiffs and/or their decedent and/or other third parties.

8. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph VI of Plaintiffs' First Original Complaint, and therefore, denies same.

9. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph VII of Plaintiffs' First Original Complaint, and therefore, denies same.

10. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph VIII of Plaintiffs' First Original Complaint, and therefore, denies same.

11. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph IX of Plaintiffs' First Original Complaint, and therefore, denies same.

12. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph X of Plaintiffs' First

Original Complaint, and therefore, denies same. Defendant specifically denies that Plaintiffs are entitled to recover any damages for medical care, emergency services, and/or burial and funeral costs from Defendant.

13. Defendant denies the allegations contained in Paragraph XI of Plaintiffs' First Original Complaint. Defendant specifically denies that Plaintiffs are entitled to recover punitive damages from Defendant.

14. Defendant denies the allegations contained in Paragraph XII of Plaintiffs' First Original Complaint. Defendant specifically denies that Plaintiffs are entitled to recover exemplary damages from Defendant.

15. Defendant denies the allegations contained in Paragraph XIII of Plaintiffs' First Original Complaint.

16. Defendant denies the allegations contained in Paragraph XIV of Plaintiffs' First Original Complaint.

17. Defendant denies the allegations contained in Paragraph XV of Plaintiffs' First Original Complaint.

18. Defendant denies that allegations contained in Paragraph XVI of Plaintiffs' First Original Complaint.

19. Defendant admits the allegations contained in Paragraph XVII of Plaintiffs' First Original Complaint.

20. Defendant denies the allegations contained in Paragraph XVIII of Plaintiffs' First Original Complaint.

21. Defendant would state that there is no Paragraph XIX contained in Plaintiffs' Original Petition, and therefore, there are no allegations in Paragraph XIX to either admit or deny.

22. Defendant denies the allegations contained in Paragraph XX of Plaintiffs' First Original Complaint. Defendant specifically denies that Plaintiffs are entitled to recover punitive damages from Defendant.

23. Defendant denies the allegations contained in Paragraph XXI of Plaintiffs' First Original Complaint.

24. Defendant denies that Plaintiffs are entitled to a judgment, damages, punitive damages, exemplary damages, pre-judgment interest, post-judgment interest, costs, or any other relief prayed for in the prayer of Plaintiffs' First Original Complaint.

25. Defendant denies each and every allegation contained in Plaintiffs' First Original Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

26. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' and/or their decedent's contributory negligence in that they failed to exercise ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action. Plaintiffs' and/or their decedent's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' complaint.

27. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

28. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

29. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Plaintiffs' decedent, or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

30. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

31. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

32. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that, pursuant to the Federal Railroad Safety Act of 1970 (45 U.S.C. §421, et seq.) and the Federal Highway Safety Act of 1970 (23 U.S.C. §401 et seq.) and more specifically 23 U.S.C. §409 and the federal laws, rules, regulations, orders and standards enacted pursuant to these Acts, federal law delegates to the public agency having jurisdictional authorization, and not to the railroad, the responsibility and the authority for determining the need for and the selection of railroad highway grade crossings, crossing signals and classification of crossings. Federal law has preempted state law with reference to determination of the need for and the selection of traffic control devices that are installed at railroad highway crossings.

33. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

34. For further answer, and pleading in the alternative, if such be necessary, Defendant further specifically denies that it is liable for pre-judgment interest in this cause of action as pled by Plaintiffs.

35. For further answer, and pleading in the alternative, if such be necessary, Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' First Original

Complaint, which Defendant specifically denies, the assumption of risk on the part of Plaintiffs and/or Plaintiffs' decedent caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by Plaintiffs is barred.

36. For further answer, and pleading in the alternative, if such be necessary, Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' First Original Complaint, which Defendant specifically denies, the failure of Plaintiffs to mitigate their damages caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by such Plaintiffs is barred or shall be reduced by an amount equal to the damages Plaintiffs failed to mitigate.

37. For further answer, and pleading in the alternative, if such be necessary, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendant alleges that the negligence of Plaintiffs is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

38. For further answer, and pleading in the alternative, if such be necessary, Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' First Original Complaint, which Defendant specifically denies, the negligence, fault, or carelessness of others not named as parties caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by Plaintiffs against Defendant is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

39. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

40. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

41. For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a) <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

42. Defendant reserves the right to raise such additional defenses as may become available through investigation and discovery.

## JURY DEMAND

43. Pursuant to Rules 38 and 39, Federal Rules of Civil Procedure, Defendant Union Pacific Railroad Company hereby requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant Union Pacific Railroad Company prays that Plaintiffs take nothing by their suit, and that Defendant be awarded its costs, and have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
  Mitchell C. Chaney
Attorney-in-Charge
Federal Admissions No. 1918
State Bar No. 04107500
  Jaime A. Saenz
Federal Admissions No. 7630
State Bar No. 17514859
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Defendant Union Pacific Railroad Company's Original Answer and Jury Demand in Response to Plaintiffs' First Original Complaint was served upon counsel of record, to-wit:

> Ray R. Marchan
> Harris & Watts, P.C.
> 1926 East Elizabeth
> Brownsville, Texas 78520
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this the 29th day of March, 2001.

_____
Jaime A. Saenz